**LAW OFFICES OF STEPHEN ABRAHAM**
STEPHEN E. ABRAHAM, ESQ. (STATE BAR NO. 172054)
1592 Pegasus Street
Newport Beach, California 92660
Telephone: (949) 878-8608
Facsimile: (714) 852-3366

Attorneys for DEFENDANT
GREGORY M. KELLY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    *Plaintiff*,<br><br>v.<br><br>GREGORY M. KELLY; and Does 1-10,<br><br>    *Defendant*. | Case No. CV14-01729 DOC (AN)<br><br>Assigned for all purposes to the Hon. David O. Carter<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**<br><br>**OR IN THE ALTERNATIVE**<br><br>**FOR SUMMARY ADJUDICATION AS TO THE FEDERAL CLAIM AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION**<br><br>Courtroom: 9D (Santa Ana)<br><br>Hearing: Monday, March 30, 2015<br>Time: 8:30 a.m.<br><br>**Trial:**  Not Set |

To Plaintiff and his attorneys of record:

Please take notice that on March 30, 2015 at 8:30 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable David O. Carter, located at Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, Defendant GREGORY M. KELLY will and hereby does move this Court to enter summary judgment in favor

of Defendant and against Plaintiff CHRIS LANGER as to Plaintiff's claim under the Americans with Disabilities Act ("ADA").

Furthermore, Defendant shall move this Court to enter summary judgment in favor of Defendant against Plaintiff as to the remainder of Plaintiff's claims under state law or, in the alternative, for an order declining the exercise of supplemental jurisdiction over said remainder claims.

This motion is made on the grounds that there is no genuine dispute as to any material fact and the Defendant is entitled to judgment as to the federal claims.

Defendant's motion is brought pursuant to Rule 56 of the Federal Rules of Civil Procedure and is supported by this Notice of and Motion, the Memorandum of Points and Authorities, the declarations and evidence filed, the separate statement of undisputed material facts filed concurrently herewith, and such other evidence as may be admitted at the time of the hearing of the motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3.

Dated: March 2, 2015         LAW OFFICES OF STEPHEN ABRAHAM

By: _____
Stephen E. Abraham
Attorneys for DEFENDANT
GREGORY M. KELLY

# TABLE OF CONTENTS

I. INTRODUCTION AND SUMMARY ..................................................................1

II. RELEVANT FACTS .............................................................................................1
    1.    the Alleged Visit .....................................................................................1
    2.    The Property Complies with ADA Standards .......................................2
    3.    The Rest of the Story ..............................................................................2
        A.    Meet Mary Kelly ...........................................................................3
        B.    Goodbye Mary ..............................................................................3
        C.    Plaintiff Never Came to Buy a Card from a Closed Store ..........4

III. DISCUSSION .......................................................................................................4
    1.    The Federal ADA Claim is Moot ...........................................................4
        A.    Federal Courts Only Hear Actual Cases or Controversies ..........4
        B.    There is no Longer any Basis for Relief under the ADA ............5
    2.    This Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State Claims ......................................7
        A.    Long-Standing Principles of Jurisprudence Limit the Exercising of Supplemental Jurisdiction ...................................7
        B.    Principles of Jurisprudence Warranting Declining to Exercise Supplemental Jurisdiction in this Case .......................8
    3.    In the Alternative, This Court Should Find that There is No Evidence in Dispute and that Defendant is Entitled to Summary Judgment as to Plaintiff's State Claims ..........................9
        A.    Plaintiff's Second Claim for Relief Under the Unruh Act and Fourth Claim for Negligence Fail as to the Closed Business ....................................................................................10
        B.    Plaintiff's Third Claim for Relief Under the Disabled Persons Act and Fourth Claim for Negligence Fail as to the Closed Business ....................................................................11

IV. CONCLUSION ..................................................................................................12

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

# TABLE OF AUTHORITIES

### FEDERAL CASES

*Acri v. Varian Assocs., Inc.*,
    114 F.3d 999 (9th Cir. 1997)..................................................................8

*BC by & Through Powers v. Plumas Unified Sch. Dist.*,
    192 F.3d 1260 (9th Cir. 1999)................................................................5

*City of Chicago v. Int'l College of Surgeons*,
    522 U.S. 156 (1997).............................................................................7, 8

*City of Los Angeles v. Lyons*,
    461 U.S. 95 (1983).................................................................................6

*County of Los Angeles v. Davis*,
    44 U.S. 625 (1979).................................................................................5

*Dufresne v. Veneman*,
    114 F.3d 952 (9th Cir. 1997)..................................................................7

*Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent.
    Dist. of Cal.*,
    24 F.3d 1545 (9th Cir.1994)...................................................................8

*Flast v. Cohen*,
    392 U.S. 83 (1968).................................................................................5

*Independent Living Resources v. Oregon Arena Corp.*,
    982 F.Supp. 698 (1997).........................................................................7

*Lewis v. Continental Bank Corp.*,
    494 U.S. 472 (1990)...............................................................................5

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...............................................................................5

*Moreno v. G&M Oil Co.*,
    88 F.Supp.2d 1116 (C.D. Cal. 2000).....................................................7

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)...............................................................................6

*Pickern v. Best Western Cove Lodge Marina Resort*,
    194 F.Supp.2d 1128 (E.D. Cal. 2002)..............................................7, 8

*San Pedro Hotel Co., Inc. v. City of L.A.*,
    159 F.3d 470 (9th Cir. 1998)..................................................................8

*Steir v. Girl Scouts of the USA*,
    383F.3rd 7 (1st Cir. 2004).....................................................................5

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (1966) ............................................................................................ 8

*United Mine Workers v. Gibbs*,
    383 U.S. 715 (1966) ............................................................................................ 9

*Wander v. Kaus*,
    304 F.3d 856 (9th Cir. 2002) ........................................................................... 6, 8

**FEDERAL STATUTES**

28 U.S.C. § 1332 ........................................................................................................ 8

28 U.S.C. § 1367 ..................................................................................................... 7, 9

42 U.S.C. § 12188 ................................................................................................... 5, 8

**FEDERAL TREATISES**

15 MOORE'S FEDERAL PRACTICE § 102.32 ................................................................ 5

**STATE CASES**

*People ex rel. Deukmejian v. CHE, Inc.*,
    150 Cal.App.3d 123 (1983) ............................................................................... 11

*Reycraft v. Lee*,
    177 Cal. App. 4th 1211 (Cal. App. 4th Dist. 2009) ..................................... 11, 12

*Urhausen v. Longs Drug Stores California, Inc.*,
    155 Cal.App.4th 254 (2007) .............................................................................. 11

**STATE STATUTES**

Civ. Code §55.56 ..................................................................................................... 10

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

# I.
# INTRODUCTION AND SUMMARY

This case involves suit under the Americans with Disabilities Act ("ADA") and various state-law theories. Defendants' motion is premised on the fact there are no conditions at the property alleged in the complaint to be barriers to access. On that basis, this Court should determine that the only federal claim for relief under the ADA is moot.

As to the remaining state law claims, this Court has the power to adjudicate them but, in the exercise of its power, may decline to do so. There are compelling reasons to have claims over which state law predominates adjudicated by state courts. But, that said, this case is an unusual one involving a Plaintiff claiming he went to a store with the intention of being a customer – a claim that, for reasons to be made clear soon enough, just doesn't hold water.[1]

# II.
# RELEVANT FACTS

**1.  THE ALLEGED VISIT**

Plaintiff Chris Langer filed his complaint against Gregory M. Kelly ("Greg") on October 29, 2014. He *alleged* that he went to Kelly's Cards and Gifts in September of 2014 to buy a card. (Complaint, ¶7). He further *alleged* that the Gift Shop is a facility open to the public. (*Id.*, ¶8) He subsequently sued, alleging that he had been unable to park for the purpose of entering the shop because a handicap-accessible parking space was "allowed to fade away to the point that it is no longer available for use by persons with disabilities or it has been removed from reserved status." (Complaint, ¶11)

---

[1] In fairness to Plaintiff's counsel, every opportunity was given to examine Plaintiff's story (with ample hints given as to why the claims were likely false). Unfortunately, the hints were not sufficient to cause Plaintiff to reconsider his claim, forcing Defendant to offer convincing evidence of its falsity.

Prior to that date, Plaintiff had not provided any notice whatsoever that he had attempted to patronize Kelly's Cards and Gifts. Rather, the first time Greg learned even of Plaintiff's existence was when he was served with a complaint.[2] [DF-1]

## 2. THE PROPERTY COMPLIES WITH ADA STANDARDS

The property at issue has limited parking and includes one handicap-accessible parking space. [DF-2] Having only then learned of Plaintiff's claims when the complaint was served, Greg and his family immediately worked to resolve it. [DF-3] Plaintiff had complained that the painted surface was faded. However, as the pictures accompany this motion demonstrate, the space was repainted to address the fading that had occurred over time. Simply put, the conditions of which Plaintiff complains do not exist. [DF-4]

But there was more to the story, a part from which Plaintiff never backed down that needs to be addressed.

## 3. THE REST OF THE STORY

And that's where things get interesting.

In terms of whether this Court should decide the state claims, there are two schools of thought. On the one hand, Plaintiff never made a pre-litigation demand and the only remaining claims of Plaintiff are for relief not available under federal law. On the other hand, Plaintiff's story doesn't ring true.[3]

Langer did not come to Kelly's Cards and Gifts to buy a card. He certainly would not have traveled from San Diego to Tustin to "buy a card" if he knew anything about Kelly's Cards and Gifts.

---

[2] Plaintiff may argue that notice is not a pre-filing required. There is no dispute with that point. Rather, the fact goes to the question of whether this Court should exercise supplemental jurisdiction where it appears that Plaintiff preferred litigation over access.

[3] Making it interesting but perhaps not interesting enough to consume the valuable resources of this Court.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

Firstly, he would have known about Mary Kelly.

### A. Meet Mary Kelly

Mary Kelly was a daughter of Philadelphia, the mother of 12 children, and an institution in Tustin, California, the place that she called home and ran her business, Kelly's Cards and Gifts until her death. [DF-5]



She believed in wishes, so much so that in 1976, she raised money, matched by the City, and on July 4, 1976, saw the christening of the Wishing Well for Everyone. [DF-6]

That's Mary, wearing her frilly white hat. That's also Mary, in her wheelchair, from which she would greet her customers at her store – Kelly's Cards and Gifts.

Mary had twelve children but Kelly's Cards and Gifts was her "baby." She ran it from its opening in 1970. It had always been her store. She loved to be there. Until she died, her son, Greg, would bring her to the store every day so she could sit and talk to her customers. She was there the day before she died. [DF-7]

### B. Goodbye Mary

On *April 23, 2014*,[4] Mary died. [DF-8] Mary's children had decisions to make about what to do; but for the time being, that didn't include running *Mary's* store without her. [DF-9] Without Mary there to greet her customers, Greg closed the doors on Kelly's Cards and Gifts. [DF-10]

---

[4] More than 4 months before Plaintiff would claim that he came to her shop.

### C. Plaintiff Never Came to Buy a Card from a Closed Store

From that day forward, the store remained closed to the public. [DF-10] Between July 1, 2014 and September 30, 2014, there were only a total of $432 in transactions; these were not sales to the public but purchases by Mary's children of items from Mary's store, remembrances of happier times. [DF-11]

While Mary's children were brought together by Mary's passing, planning for the family future, Plaintiff had other plans.[5]

As alleged in his complaint, Plaintiff drove, if he did at all, to Mary's store – a closed business. He claimed to have attempted to park in a parking space that then was allegedly faded but now is sharply painted and clearly marked. He saw – or certainly would have seen if he had actually gone to Mary's store that September day – a closed business. Nevertheless, according to Plaintiff, the fading of paint was all that stood in the way of his purchasing a card from Mary's store.

Plaintiff did not travel nearly than a hundred miles to purchase a card; nor did an allegedly faded striping on a parking space prevent him from going into Mary's shop.

On the basis of the foregoing, the only real question would seem to be whether this Court should decline to exercise supplemental jurisdiction or, in the exercise of that jurisdiction, should find that Plaintiff's claims are false and that Mary's son, on behalf of her family, is entitled to summary judgment.

## III.
## DISCUSSION

### 1. THE FEDERAL ADA CLAIM IS MOOT

#### A. Federal Courts Only Hear Actual Cases or Controversies

Under Article II of the United States Constitution, federal courts may only adjudicate actual cases or controversies, where true adversarial interests give rise

---

[5] Even more sadly, the Kelly family's memory of this lawsuit will likely last longer than the mementos they purchased after their mother died.

to a clear and concrete conflict. *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).

This issue is one of standing and mootness. Standing, in the jurisdictional sense is based on the facts as they exist at the time the complaint is filed. *Mangual v. Rotger-Sabat*, 317F. 3rd 45, 58 (1st Cir. 2003). However, a plaintiff's stake is not frozen at the moment the lawsuit is filed. As part of the actual case or controversy requirement, he must maintain a personal interest in the outcome throughout the litigation (15 MOORE'S FEDERAL PRACTICE § 102.32 (Matthew Bender 3rd ed.)), or the controversy becomes moot and nonjusticiable despite the court's retention of subject matter jurisdiction. *Steir v. Girl Scouts of the USA*, 383F.3rd 7, 18 (1st Cir. 2004); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (holding that parties must maintain a personal stake in the litigation throughout trial and appeal). Courts are required to examine *sua sponte* jurisdictional issues such as standing. See *BC by & Through Powers v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).

In order to establish and maintain standing to bring suit, a plaintiff bears the burden of showing: (1) injury-in-fact, or the invasion of a legally protected interest, that is both (a) concrete and particularized and (b) actual or imminent; (2) causal connection between the injury and the conduct complaint of; and (3) <u>likelihood that a favorable decision will redress the wrong</u>. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate that a case is moot, the Defendant must show that the issues involved are no longer "live" or that the parties lack a legally cognizable interest in the outcome. *County of Los Angeles v. Davis*, 44 U.S. 625, 631 (1979). As discussed below, the only issue that is "live" in this case relates to whether Plaintiff ever really went to the store.

**B.    There is no Longer any Basis for Relief under the ADA**

**1.    There must be a *Continuing* Right to Injunctive Relief**

Under the ADA, a plaintiff must establish standing sufficient to seek injunctive relief. See 42 U.S.C. § 12188(a) (stating that the available remedies are

those set forth in section 2000a-3(a), that *only* provides for injunctive relief to private parties). See also *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). A plaintiff is only entitled to injunctive relief under the ADA if he is "*being* subjected to discrimination on the basis of disability ... or ... has reasonable grounds for believing [he] is *about to be* subjected to discrimination." *Id.* at (a)(1) (emphasis added). The relevant issues here are (1) whether Plaintiff has reasonable grounds for current deterrence, and (2) whether Plaintiff remains currently deterred, from returning to Defendants' premises.

Plaintiff's federal claim falls short for two reasons: (1) Plaintiff lacks "reasonable grounds" for being deterred from Defendant's store based on the condition of the parking lot because those prior conditions do not exist (if they indeed ever did); and (2) Plaintiff cannot show that he still intends to return to Defendants' store and is currently deterred from doing so.

When a plaintiff seeks injunctive relief in anticipation of future injury, the Supreme Court has held that exposure to past illegal conduct does not give rise to an actual or imminent injury unless there are "*continuing, present adverse effects*" and a plaintiff shows that "*there is a real and immediate threat of repeated injury*." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (emphasis added), quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-6 (1974).

In this case, Plaintiff's complaint alleges injury in the form of deterrence and seeks injunctive relief to remedy the same. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. *O'Shea*, 414 U.S. at 495-496.

The facts, as set forth in support of this motion, demonstrate that the cause of the injury is gone and not likely to return or reoccur. Accordingly, there is no need for this court to issue any injunctive relief as there is no *reasonable* possibility that Plaintiff will be the subject of discrimination as alleged.

## 2. Plaintiff Cannot Claim Deterrence Based on Nonexistent Conditions

Once injunctive relief claims are resolved, the federal claims are moot. *Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp. 698, 771 (1997); *Dufresne v. Veneman*, 114 F.3d 952, 953-954 (9th Cir. 1997); *Pickern v. Best Western Cove Lodge Marina Resort*, 194 F.Supp.2d 1128, 1130 (E.D. Cal. 2002).

The parking spaces have been freshly painted. There are no reasonable grounds for fear by Plaintiff – or anyone else for that matter – that there are or will be any barriers proscribed under the ADA – if there ever were.

Standing based on deterrence requires not only a showing of "discriminatory conditions" but also that a "plaintiff is aware of [the conditions] and <u>remains deterred</u>." *Pickern*, 293 F.3d at 1137 (emphasis added); *see also Moreno v. G&M Oil Co.*, 88 F.Supp.2d 1116 (C.D. Cal. 2000).

There is no case or controversy here where the entirety of the claim assumes that a condition that does not exist.

## 2. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE CLAIMS

### A. Long-Standing Principles of Jurisprudence Limit the Exercising of Supplemental Jurisdiction

Subject matter jurisdiction over Plaintiff's state law claims rests upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

Section 1367(c)(4) allows a district court to use its discretion to decline to exercise supplemental jurisdiction if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 29 U.S.C. § 1367(c)(4). "[P]endant jurisdiction is a doctrine of discretion, not of plaintiff's right." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997).

"While discretion to decline to exercise supplemental jurisdiction over state

law claims is triggered by the presence of one of the conditions in §1367(c), it is informed by the [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)] values 'of economy, convenience, fairness, and comity.'" *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

In deciding whether to exercise supplemental jurisdiction, a court must consider the underlying objective of "most sensibly accommodating the values of economy, convenience, fairness, and comity." *Exec. Software N. Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 24 F.3d 1545, 1557 (9th Cir.1994) (internal quotations omitted); *City of Chicago*, *supra*, 522 U.S. at 172-3 (1997).

A district court need not "articulate why the circumstances of [the] case are exceptional" to dismiss state-law claims pursuant to 28 U.S.C. section 1367(c)(1)-(3). *San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478-79 (9th Cir. 1998) (quoting *Exec. Software*, 24 F.3d at 1557).

**B. Principles of Jurisprudence Warranting Declining to Exercise Supplemental Jurisdiction in this Case**

There are compelling reasons for declining to exercise supplemental jurisdiction over these state law claims, which seek remedies that Congress clearly intended to preclude under the ADA. The fact that an ADA violation may serve as an element of state law claim does not automatically confer federal question jurisdiction. *Pickern*, *supra*, 194 F. Supp. 2d at 1131. "Unlike the California Disabled Persons Act and the Unruh Civil Rights Act, both of which provide damages for violations, the only remedy available to a private plaintiff under the ADA is injunctive relief." 42 U.S.C. § 12188(a)(2).

Plaintiff's remaining claims do not present a federal question. *See Wander v. Kaus*, 304 F.3d 856, 859-60 (9th Cir. 2002) (ADA-based state law claims seeking damages do not give rise to federal question jurisdiction). Nor is there a claim of diversity jurisdiction with attendant minimum amount in controversy. *See* 28 U.S.C. § 1332.

Where the only federal claim-based cause of action is moot and should be dismissed, comity and fairness strongly favor dismissal of the remaining state law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 727 (1966) ("[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them the surer-footed reading of the law.")

This case has just begun. Plaintiff can hardly claim that the issue was raised late in the case or that he is deeply invested in litigating in this forum.

There can be no showing of unusual or extraordinary circumstances to justify retaining jurisdiction over the state law claims. Accordingly, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claims.

**3.    IN THE ALTERNATIVE, THIS COURT SHOULD FIND THAT THERE IS NO EVIDENCE IN DISPUTE AND THAT DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT AS TO PLAINTIFF'S STATE CLAIMS**

If this Court is of the mind not to adjudicate the state claims, the analysis ends here, the case ends, and whatever Plaintiff believes is a right to be vindicated is left for another date and another court.

But if Plaintiff has convinced this Court to read further, to decide his state claims here and now, this Court does have enough evidence upon which to conclude, as a matter of law, that Plaintiff never encountered an actionable barrier for which he is entitled to any relief.

In sum, Plaintiff sued a closed business, alleging that he was unable to buy a card because of a faded parking space. However, notwithstanding his statement, there is a more fundamental causation issue raised by his claim. His inability to buy a card was the direct result of the store being closed, a condition that does not constitute an actionable architectural barrier in that it affected alike all persons intending to be customers of that closed business.

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

Plaintiff acknowledges in his complaint the inseparable bond between the parking space and the shop when he alleges,

> 8. The Gift Shop is a facility **_open to the public_**, a place of public accommodation, and a business establishment.
>
> 9. Parking spaces are one of the facilities, privileges and advantages offered by defendants to **_customers of the businesses_** located at the property.
>
> 10. Unfortunately, although parking spaces are one of the **_facilities available to customers who patronize businesses_** at the property, there is not a single compliant parking space reserved for persons with disabilities. (emphasis added)

Firstly, the shop was closed. Thusly, the statement in Plaintiff's complaint at paragraph 8 and the premise that the going to the shop could form the basis for his claim fails.

With respect to the closed business, Plaintiff cannot establish that the access he had was less than that afforded any other member of the public.

### A. Plaintiff's Second Claim for Relief Under the Unruh Act and Fourth Claim for Negligence Fail as to the Closed Business

With respect to the closed business, Plaintiff's claim under the Unruh Act fails as a matter of law and, with it, the assertion that any violation of the Unruh Act can sustain a claim for negligence.

It is worth noting that Plaintiff's boilerplate and conclusory allegations at paragraph 26 of his complaint are ill suited to carry his burden as to this motion for a number of reasons.[6]

Firstly, there was only one plaintiff and not "plaintiff_s_." Thusly, the bare recital of the statute's requirements for awarding damages is at best lacking in terms of credibility. But, beyond that, Plaintiff cannot possibly demonstrate that his "difficulty, discomfort or embarrassment" was in any way any different than that

---

[6] "26. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §55.56(a)-(c).)"

of any other person traveling a long way only to find himself in front of a closed business at the very moment that he just needed to "buy a card." (Complaint, ¶7)

Because the conditions existing at the time of Plaintiff's alleged visit to the closed store were not the cause of his "difficulty, discomfort or embarrassment," Plaintiff cannot maintain his claim under the Unruh Act and Defendant is entitled to judgment in his favor.

### B.  Plaintiff's Third Claim for Relief Under the Disabled Persons Act and Fourth Claim for Negligence Fail as to the Closed Business

With respect to the closed business, Plaintiff's claim under the Disabled Persons Act ("DPA") fails as a matter of law.

In 1968, the Legislature enacted sections 54, 54.1 and 54.3 as one of two statutory schemes that were specifically designed to prevent discrimination against the physically disabled. *People ex rel. Deukmejian v. CHE, Inc.*, 150 Cal.App.3d 123, 131-134 (1983) ("*CHE*"). Sections 54 through 55.2, commonly referred to as the Disabled Persons Act, are "intended to secure to disabled persons the 'same right as the general public to the full and free use' of facilities _open to the public_. [Citation.]" *Urhausen v. Longs Drug Stores California, Inc.*, 155 Cal.App.4th 254, 261 (2007) (emphasis added).

The rights afforded under the DPA to the physically handicapped are no more nor less than those afforded to able-bodied members of the public; as to both both, the operator is required to "open [their] doors on an _equal basis_ to all that can avail themselves of the facilities without violation of other valid laws and regulations." *CHE* at 133 (emphasis added).

As the Court in *Reycraft v. Lee*, 177 Cal. App. 4th 1211, 1223 (Cal. App. 4th Dist. 2009) explained,

> "[S]ection 54.3 imposes the standing requirement that the plaintiff have suffered an actual denial of equal access before any suit for damages can be brought. … [A] plaintiff cannot recover damages under section 54.3 unless _the violation actually denied him or her access to some public facility_. [¶]

> Plaintiff's attempt to equate a denial of equal access with the presence of a violation of federal or state regulations would nullify the standing requirement of section 54.3, since any disabled person could sue for statutory damages whenever he or she encountered noncompliant facilities, regardless of whether that lack of compliance actually impaired the plaintiff's access to those facilities. (emphasis added).

The Court went on further to explicitly state:

> "standing under section 54.3 of the DPA is established where a disabled plaintiff can show he or she actually presented himself or herself to a business or public place with the intent of purchasing its products or utilizing its services in the manner in which those products and/or services are typically offered to the public and was actually denied equal access on a particular occasion."

*Reycraft* at 1223.

The condition of the parking space did not deny Plaintiff access to Kelly's Card and Gift Shop. Rather, the closed door prevented that access. The doors of Kelly's Cards and Gifts was closed on an equal basis to all – disabled and able-bodied alike. Plaintiff could not have presented himself to the business because Mary was dead and the shop's doors closed. The products and services offered on the date that he allegedly went to the store were "none at all."

Plaintiff lacks standing to sue for a violation of the DPA because no alleged violation denied him access. He cannot maintain his claim because there was no business to be conducted nor products or services being offered.

Thusly Plaintiff's claim under the DPA fails.

## IV.

## CONCLUSION

If this lawsuit is about removing barriers, they were removed. If it is about litigating state claims, the better question is perhaps whether this Plaintiff should have brought them in the first instance.

If Plaintiff did not go to Mary's store, he is entitled to no relief. If he went to Mary's store that was closed after her death, he is entitled to no relief as to his claims. In either event, he was never entitled to any relief from this Court as to

those state claims for having attempted to patronize a business while it is closed.

For the foregoing reasons, Defendants respectfully submit that their motion for summary judgment or, in the alternative, summary adjudication should be GRANTED.

Dated: March 2, 2015          LAW OFFICES OF STEPHEN ABRAHAM

By: _____
Stephen E. Abraham
Attorneys for DEFENDANT
GREGORY M. KELLY

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 1592 Pegasus Street, Newport Beach, California 92660.

On March 2, 2015, I served the foregoing document described as: **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION AS TO THE FEDERAL CLAIM AND REQUEST TO DECLINE SUPPLEMENTAL JURISDICTION** thereon on all interested parties in this action as follows:

Raymond G. Ballister        Representing Plaintiff
Phyl Grace
P.O. Box 262490
San Diego, CA 92196-2490
Telephone: (858) 375-7385
Facsimile: (888) 422-5191
e-Mail: phylg@potterhandy.com

[x]   **e-Filing pursuant to Court order**

Executed on March 2, 2015, at Newport Beach, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Stephen E. Abraham

Stephen E. Abraham
LAW OFFICES
1592 Pegasus Street
Newport Beach, California 92660
(949) 878-8608

01 - D's MSJ                                                           CV14-01729 DOC (AN)

PROOF OF SERVICE